No. 8545.

RASSIEUR ET AL. *v.* CLIFF MINING COMPANY ET AL.

1. APPEAL AND ERROR—*Trial by the Court—Finding on Conflicting Evidence,* will not be disturbed.

2. CORPORATION DISSOLVED—*Conveyance by Surviving Trustees,* to a third person to enable such grantee to effect a sale for the benefit of the stock holders and creditors, sustained.

*Error to Eagle District Court, Hon. Charles Cavender, Judge.*

En Banc.

Mr. EDWARD C. STIMSON, Mr. PAGE M. BRERETON and Mr. H. J. CANTWELL, for plaintiffs in error.

Mr. JOHN M. MAXWELL, Mr. N. WALTER DIXON. and Mr. THOMAS J. DIXON, for defendants in error.

*On rehearing.*

Opinion by Mr. Justice Teller.

PLAINTIFFS in error were plaintiffs below, and the parties will be mentioned as they were designated in the trial court.

Defendant Meyer was for many years the agent of the Gilman Mining Company, now dissolved and represented by its former directors, acting as trustees, in the management of certain mining property. In 1902 an option to purchase this property was given to Meyer, and a deed conveying it to him was placed in escrow with a bank in St. Louis, Mo.

This option, having been kept alive by several extensions, thereof, in January, 1911, the surviving directors of the company, the charter of which had expired, directed that said deed be delivered to said Meyer, so that he might sell the property, subject to the approval of said trustees. Shortly afterwards the deed was so delivered and filed for record.

In October, 1912 Meyer entered into a contract with one Hicks for the sale of the property for $100,000, on which a payment of $1,000 was then made, which contract Hicks assigned to the Cliff Mining Company.

Later, Meyer conveyed the property to said Mining Company, which paid him $24,000 in cash, and delivered to him two promissory notes, for $37,500 each, secured by a deed of trust on the mining property.

In August, 1913, this action was begun to cancel the deed given by the Gilman Company to Meyer as well as the deed of trust by the Cliff Mining Company, and to have the title to said property adjudged to be in the said trustees for the creditors and the stock-holders of the Gilman Mining Company. The complaint alleged that defendant Meyer, in the said sale, had acted in fraud of the rights of plaintiffs.

Separate answers were filed by the defendants, Meyer setting out at length the services which he had rendered in the management of the property, and in endeavoring to sell it, claiming a balance due of nearly ten thousand dollars

out of the sum of forty thousand dollars alleged to have been paid to the Gilman Company, by one Newhouse, who took an option on the property, and paid said sum thereon. Meyer further claimed that said trustees, shortly before the sale to Hicks, had agreed to accept from him the sum of $10,000 in full payment for said property, which sum he had later offered to pay them.

The case was tried to the court, which found that the charge that Meyer had acted fraudulently was not sustained; that under the conveyance to him in 1911, he took title to the property as trustee for the Gilman Company; that Hicks and the Cliff Mining Company were *bona fide* purchasers for value, without notice of the rights or equities of the plaintiffs, or any of them; and that Meyer was entitled to compensation for his services.

The decree directed the Cliff Mining Company to pay into the registry of the court the sum of $75,000, evidenced by said notes; with provision for their cancellation, if paid as directed, otherwise to be delivered to plaintiffs; that in case the notes were not so paid Meyer should pay over the sum of $10,000, and retain $15,000 of the amount collected on said sale, as his commission and compensation; but if the full $75,000 were paid into court, as directed, Meyer was to have $25,000 as his commission, etc.

The only question argued is that of the correctness of the finding on the fraud issue, and the right of Meyer to a commission of $25,000.

The evidence is voluminous, and conflicting, and we cannot say that the conclusions drawn from it by the trial court are not reasonable. Under such circumstances we are not at liberty, whatever may be our view as to the weight of the evidence, to disturb the findings of the court. The judgment should therefore be affirmed.

The former opinion is withdrawn and the judgment affirmed.

*Affirmed.*

Mr. Justice Scott dissents.

Decided June 5, A. D. 1916. Judgment affirmed on rehearing July 2, A. D. 1917.